Case 4:21-cv-00049-DAO   Document 13   Filed 03/18/22   PageID.60   Page 1 of 8

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
SOUTHERN REGION

| | |
|---|---|
| JACK FERM,<br><br>    Plaintiff,<br><br>v.<br><br>CLYDE VELTMANN, an individual; DAVID BRYANT II, an individual; GARY ILMANEN, and individual; and AZIEL CORPORATION, a Nevada Corporation,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER TO FILE AMENDED COMPLAINT**<br><br>Case No. 4:21-cv-00049<br><br>Magistrate Judge Daphne A. Oberg |

Pro se Plaintiff Jack Ferm, proceeding *in forma pauperis*, filed this action against Clyde Veltmann, David Bryant II, Gary Ilmanen, and Aziel Corporation. (Compl., Doc. No. 3.) Because Mr. Ferm's complaint fails to state a claim on which relief may be granted against the individual defendants—Mr. Veltmann, Mr. Bryant, and Mr. Ilmanen—the court orders Mr. Ferm to file an amended complaint by April 15, 2022. If he fails to do so, his claims against the individual defendants may be dismissed.

## LEGAL STANDARDS

Whenever the court authorizes a party to proceed *in forma pauperis*, the court must dismiss the case if it determines the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In determining whether a complaint fails to state a claim for relief under § 1915, the court uses the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007). To avoid dismissal under Rule

1

12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). The court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013). But the court need not accept the plaintiff's conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

Because Mr. Ferm proceeds pro se, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. Still, a pro se plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements," *Hall*, 935 F.2d at 1110, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

## ANALYSIS

Mr. Ferm brings this action against Aziel Corporation ("Aziel") and individual defendants Clyde Veltmann, David Bryant II, and Gary Ilmanen. Mr. Ferm alleges Mr. Veltmann, "as the CEO of Aziel Corporation, and acting as Aziel's agent, entered into written and oral agreements to retain [Mr. Ferm's] services in the state of Utah," agreeing to provide Mr. Ferm shares of Aziel stock in exchange for his services. (Compl. ¶ 3, Doc. No. 3.) Mr. Ferm

alleges these agreements were "confirmed and ratified" by Mr. Bryant and Mr. Ilmanen, as members of Aziel's board of directors. (*Id.* ¶¶ 3, 7–8.) According to Mr. Ferm, Mr. Veltmann made false representations regarding the value of the shares to induce Mr. Ferm to perform work for Aziel, and the shares were actually worthless. (*Id.* ¶¶ 4, 18, 21.) Mr. Ferm further alleges Mr. Veltmann, Mr. Bryant, and Mr. Ilmanen mismanaged Aziel by, among other things, failing to file financial statements. (*Id.* ¶¶ 18–20.)

Based on these allegations, Mr. Ferm brings the following claims: (1) negligent management and supervision of corporate affairs, against Mr. Bryant and Mr. Ilmanen; (2) breach of fiduciary duty owed to Mr. Ferm as a shareholder, against the three individual defendants; (3) breach of contract, against all defendants; (4) breach of the duty of good faith and fair dealing, against all defendants; (5) fraud in the inducement to contract, against all defendants; (6) "Complaint against Aziel [C]orporation for damages for loss of the value of shares caused by the misconduct of officers and directors"; and (7) a claim for "cancellation of his shares and damages." (*Id.* ¶¶ 23–84.) Mr. Ferm seeks damages including $1,000,000 as "the agreed value of the shares." (*Id.* at 20–21.)

As set forth below, Mr. Ferm's complaint fails to state a claim on which relief may be granted against the individual defendants.

<u>Negligent Management and Breach of Fiduciary Duty (Claims 1 and 2)</u>

First, Mr. Ferm fails to state colorable claims, as an individual shareholder, for negligent management and supervision of corporate affairs and breach of fiduciary duty. Mr. Ferm brings these claims against Aziel's directors, Mr. Bryant and Mr. Ilmanen, solely in his capacity as a shareholder of Aziel. (*See id.* ¶¶ 27–28, 36, 40.)

3

Under Utah law, corporate directors and officers have a fiduciary duty to the corporation and its shareholders collectively, but "no fiduciary duty is owed to the stockholders individually." *In re Black*, 787 F.2d 503, 506 (10th Cir. 1986) (citing *Richardson v. Arizona Fuels Corp.*, 614 P.2d 636, 639 (Utah 1980)). Likewise, damages arising from a director's breach of fiduciary duty or mismanagement "belong to the corporation and not to the stockholders individually." *Richardson*, 614 P.2d at 640; *see also Precision Vascular Systems, Inc. v. Sarcos, L.C.*, 199 F. Supp. 2d 1181, 1192 (D. Utah 2002) (holding only a corporation may recover damages for breach of fiduciary duty by corporate directors and officers). This is because "mismanagement of the corporation gives rise to a cause of action *in the corporation*, even if the mismanagement results in damage to stockholders by depreciating the value of the corporation's stock." *Richardson*, 614 P.2d at 640 (emphasis added).

Although shareholders may bring a derivative action to enforce a corporation's rights in some circumstances, Mr. Ferm's complaint does not comply with the pleading requirements for a derivative action. *See* Fed. R. Civ. P. 23.1(b) (requiring, among other things, the complaint be verified and "state with particularity: (A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and (B) the reasons for not obtaining the action or not making the effort"). It is also not evident Mr. Ferm "fairly and adequately represent[s] the interests of shareholders or members who are similarly situated in enforcing the right[s] of the corporation." Fed. R. Civ. P. 23.1(a). Therefore, Mr. Ferm, as an individual shareholder, fails to state a plausible claim for negligent management and supervision of corporate affairs and breach of fiduciary duty against Mr. Bryant and Mr. Ilmanen.

Contract Claims (Claims 3 and 4)

Additionally, Mr. Ferm fails to allege colorable claims for breach of contract and breach of the covenant of good faith and fair dealing against the individual defendants because Mr. Ferm's claims are based on the defendants' actions as agents or representatives of the corporation. To maintain these claims against the individual defendants, Mr. Ferm must allege the existence of a contract between himself and the individual defendants.

"Corporations and certain other artificial entities are treated as legally distinct from their shareholders, officers, and directors." *M.J. v. Wisan*, 2016 UT 13, ¶ 73, 371 P.3d 21, 35. "As a general rule they are accordingly shielded from liability; they have no individual responsibility for the legal obligations of the corporate entity." *Id.* Mr. Ferm alleges only that he contracted with Mr. Veltmann as an agent of Aziel, and that Mr. Bryant and Mr. Ilmanen signed off on contracts in their capacity as corporate board members. (Compl. ¶¶ 3, 46–47, 55, Doc. No. 3.) In other words, Mr. Ferm alleges the individual defendants entered into or ratified the contracts at issue on behalf of Aziel, and not as individuals. Because the complaint does not allege a contractual relationship between Mr. Ferm and the individual defendants, it fails to state a claim for breach of contract or breach of the covenant of good faith and fair dealing against these defendants.

Mr. Ferm also fails to allege any facts suggesting the individual defendants could be held liable for Aziel's alleged breach of contract under an alter ego theory. "Where a shareholder, officer, or director abuses the corporate form, and treats the legal entity as his alter ego," a creditor may be able to pierce the corporate veil. *Wisan*, 2016 UT 13, ¶ 74, 371 P.3d 21, 35. To pierce the corporate veil:

> (1) there must be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist, viz., the corporation is, in fact,

>  the alter ego of one or a few individuals; and (2) the observance of the corporate form would sanction a fraud, promote injustice, or an inequitable result would follow.

*Jones v. Trevor Marketing, Inc. v. Lowry*, 2012 UT 39, ¶ 14, 284 P.3d 630, 635 (internal quotation marks omitted).  Here, Mr. Ferm has not alleged facts suggesting Aziel is an alter ego of Mr. Veltmann, Mr. Bryant, or Mr. Ilmanen.  Therefore, Mr. Ferm fails to state plausible contract claims based on alter ego liability against Mr. Veltmann, Mr. Bryant, and Mr. Ilmanen—just as he fails to state plausible breach of contract or breach of the covenant of good faith and fair dealing claims against them individually.

<u>Fraudulent Inducement Claim (Claim 5)</u>

Finally, Mr. Ferm fails to state a colorable claim for fraudulent inducement to contract against the individual defendants.  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  "[A]t a minimum, [this] requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud." *MacArthur v. San Juan Cnty.*, 416 F. Supp. 2d 1098, 1196 (D. Utah 2005).  A plaintiff must identify particular defendants with whom he dealt directly, on what occasions the affirmative fraudulent statements were made, and what was said on those occasions.  *Arena Land & Inv. Co., Inc. v. Petty*, 906 F. Supp. 1470, 1476 (D. Utah 1994).  Further, a plaintiff must allege each individual defendant had a "specific intent to fraudulently misrepresent facts for the purpose of inducing [the] plaintiff[] to rely on the misrepresentations to [the plaintiff's] detriment." *Cook v. Zions First Nat'l Bank*, 645 F. Supp. 423, 425 (D. Utah 1986).  In the context of individual liability for a corporate fraud tort, "[a] director or officer of a corporation is individually liable for fraudulent acts or false representations of his own or in which he participates, even though his action in such respect may be in furtherance of the corporate

6

business." *Armed Forces Ins. Exch. v. Harrison*, 2003 UT 14, ¶ 19, 70 P.3d 35, 41 (emphasis omitted) (internal quotation marks omitted).

> In support of his fraudulent inducement claim, Mr. Ferm alleges
>
> [Mr.] Veltmann and the board member defendants acting as agent[s] for Aziel Corporation[] made knowing fraudulent statements in order to induce [Mr. Ferm] to perform hundreds of hours of work by a promise of shares in Aziel that they represented and alleged to be worth a minimum of $1.00 per share and would most likely be worth $10.00 to $12.00 per share.

(Compl. ¶ 65, Doc. No. 3.) However, Mr. Ferm does not provide any information regarding when these statements were made, who specifically made the statements, or in what form. Elsewhere in the complaint, Mr. Ferm suggests only Mr. Veltmann made fraudulent statements to him. (*See id.* ¶¶ 21, 71.) Even then, Mr. Ferm fails to provide details regarding when and in what form Mr. Veltmann made the statements. Therefore, Mr. Ferm does not allege, with the particularity required, fraudulent inducement claims against Mr. Veltmann, Mr. Bryant, and Mr. Ilmanen.

Mr. Ferm's remaining claims (claims 6 and 7) appear to be asserted only against Aziel, and not the individual defendants.

## CONCLUSION

For these reasons, Mr. Ferm fails to state a plausible claim for relief under Rule 12(b)(6) against any of the individual defendants. Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (internal quotation marks omitted). Accordingly, the court gives Mr. Ferm an opportunity to amend his complaint as to the individual defendants.

Mr. Ferm is ORDERED to file an amended complaint by April 15, 2022. Failure to do so may result in dismissal of Mr. Ferm's claims against the individual defendants.

DATED this 18th day of March, 2022.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge